### J. H. SCHOEPF, EX PARTE.

WITNESS BEFORE NOTARY MUST REPLY TO QUESTIONS AND PRODUCE PAPERS, ETC., WHEN.

In a proceeding to take a deposition before a notary public, the witness must reply to the questions asked him and produce books and documents demanded, unless it be shown that a matter of privilege is involved, or that the questions are in fact frivolous, or that the documentary evidence or information in question was prepared or procured exclusively for use as matter of defense in the action brought by the party for whom the deposition is being taken.

ERROR to Hamilton common pleas court.

**Kittredge & Wilby, Outcalt & Foraker, Paxton & Warrington** and **E. G. Kinkead,** for the petitioner.

Schoepf, Ex parte.

**O. S. Bryant** and **C. B. Wilby**, contra:

Questions asked in taking a deposition, provided they are not foreign to the subject-matter of the suit, and, provided that their answers are not privileged and would not be injurious to the witness, must be answered though the answers would not be admissible if offered to the jury in the trial of the case. *Shaw* v. *Installation Co.* 9 Dec. Re. 809 (17 Bull. 274); *State* v. *Cost,* 10 Dec. Re. 619 (22 Bull. 250); *De-Camp* v. *Archibald,* 50 Ohio St. 618 [35 N. E. Rep. 1056; 40 Am. St. Rep. 692]; *Jennings, Ex parte,* 60 Ohio St. 319 [54 N. E. Rep. 262; 71 Am. St. Rep. 720]; *Rauh, In re,* 65 Ohio St. 128 [61 N. E. Rep. 701]; *McKee, Ex parte,* 18 Mo. 599; *Munford, Ex parte,* 57 Mo. 603; *Livingston, Ex parte,* 12 Mo. App. 80.

Aside from the question of personal privilege, if incompetency is ever an excuse for refusing to answer questions, on the taking of a deposition, it is so only where the answers are incompetent because irrelevant and not where they are incompetent because hearsay. *Bradley, In re,* 71 N. H. 54 [51 Atl. Rep. 264].

The petitioner in error should answer the question as to who was the division superintendent at the time of the accident. *Shaw* v. *Installation Co.* 9 Dec. Re. 809 (17 Bull. 274).

The reports called for should be produced. *Livingston, Ex parte,* 12 Mo. App. 80.

These reports are not privileged. *Woolley* v. *Railway,* L. R., 4 C. P. 602; *Parr* v. *Railway,* 24 L. T. (N. S.) 558; *Southwark, etc. Water Co.* v. *Quick,* 38 L. T. (N. S.) 28; *Cassey* v. *Railway,* L. R., 5 C. P. 146; *Collins* v. *Omnibus Co.* 68 L. T. (N. S.) 831; *Skinner* v. *Railway,* L. R., 9 Ex. 298; *Cook* v. *Tramway Co.* 54 J. P. 263; *Bradley, In re,* 71 N. H. 54 [51 Atl. Rep. 264]; 3 Taylor, Evidence 1186; *Jenkins* v. *Putnam,* 106 N. Y. 272 [12 N. E. Rep. 613].

These reports are such papers as may become evidence on the trial of the case. Thayer's Preliminary Treatise on Evidence 265, 266; 2 Wharton, Evidence Sec. 1176; Mechem, Agency Sec. 714; *Northwestern Union Packet Co.* v. *Clough,* 87 U. S. 528 [22 L. Ed. 406]; *Vicksburg & Meridian Ry.* v. *O'Brien,* 119 U. S. 99 [7 Sup. Ct. Rep. 118; 30 L. Ed. 299]; *Knarston* v. *Insurance Co.* 140 Cal. 57 [73 Pac. Rep. 740].

The reports are admissible evidence against the company. *Rogers* v. *New York & Brooklyn Bridge,* 11 App. Div. 141 [42 N. Y. Sup. 1046]; *Rogers* v. *New York & Brooklyn Bridge,* 159 N. Y. 556 [54 N. E. Rep. 1094]; *Patterson* v. *United Artisans,* 43 Or. 333 [72 Pac. Rep. 1095];

*Meyer* v. *Insurance Co.* 104 Cal. 381 [38 Pac. Rep. 82]; *Knarston* v. *Insurance Co.* 140 Cal. 57 [73 Pac. Rep. 740]; *Vicksburg & Meridian Ry.* v. *Putman,* 118 U. S. 545 [7 Sup. Ct. Rep. 1; 30 L. Ed. 257]; *Hardy* v. *Boom Co.* 52 Mich. 45 [17 N. W. Rep. 235]; *The Soeway,* L. R., 10 Prob. Div. 137.

An admission made by an agent, whether part of the *res gestae* or not, is binding against his principal provided he had authority to make it. *Balt. & O. Ry.* v. *Campbell,* 36 Ohio St. 647 [38 Am. Rep. 617]; *Morse* v. *Railway,* 72 Mass. (6 Gray) 450; *Lane* v. *Railway,* 112 Mass. 455; *Green* v. *Railway,* 128 Mass. 221 [35 Am. Rep. 370]; *Kirkstall Co.* v. *Railway,* L. R., 9 Q. B. 463.

These reports in the event of the death of the persons making them, might become admissible as entries made in the regular course of business. Stephens Dig. Evid. (Ohio ed.) Art. 27, p. 132 and cases cited.

### SWING, J.

Josephine Pace brought an action in the court of common pleas of Hamilton county, *Schoepf, Ex parte,* 16 Dec. 17, against the Cincinnati Traction Company. While this action was pending she sought to take the deposition of J. H. Schoepf, an officer of said defendant company, before Charles E. Tenney, notary public in and for said county. The witness appeared and was sworn, and was asked to give the name of the conductor in charge of the car on which Mrs. Pace was injured. He was also asked whether he knew the name of the conductor of the same car; he was also asked whether there were any persons on the car other than the conductor and the motorman; he was also asked whether there were any persons present at the time of the accident other than the conductor, the motorman, and the plaintiff; he was also asked whether he had in his possession any books, letters, or other papers showing that there was present at the time of the accident, other than the plaintiff, the motorman, and the conductor, showing the names of the persons, if there were any such; he was also asked who was the superintendent of that portion of the line on which the accident occurred at the time of the accident.

All these questions by direction of his counsel he refused to answer, and thereupon the notary ordered him to answer, and the witness refusing, the notary ordered him committed as for contempt.

This action was brought in the court of common pleas on habeas corpus for the discharge of Mr. Schoepf.

On the trial of the case in the court of common pleas, that court

Schoepf, Ex parte.

refused to discharge the prisoner and remanded him to the custody of the sheriff of Hamilton county until such time as he shall answer the questions, who was the division superintendent in May, 1902, of the division to which the College Hill Main street line belonged, and until he produced the reports which he had been asked to bring; to all of which the prisoner excepted.

The first proposition of the syllabus in the case of *DeCamp* v. *Archibald,* 50 Ohio St. 618 [35 N. E. Rep. 1056; 40 Am. St. Rep. 692], is as follows:

"Where the question propounded involves no question of privilege on the part of the witness, it is his duty to answer, if ordered by the notary to do so. The question of its competency is a matter for the determination of the court on the trial of the action in which the evidence is taken; and if he refuses to do so, when ordered, he may be committed as a contumacious witness."

The syllabus in the case of *Jennings, Ex parte,* 60 Ohio St. 319 [54 N. E. Rep. 262; 71 Am. St. Rep. 720], is as follows:

"A witness whose deposition is being taken before an officer may refuse to testify to facts not relevant to the issues in the case in which the deposition is to be read, if the disclosure of such irrelevant facts would be injurious to the business of the witness; and, if imprisoned by the officer for such refusal, he may be discharged on habeas corpus."

The second proposition of the syllabus in *Rauh, In re,* 65 Ohio St. 128 [61 N. E. Rep. 701], is as follows:

"A subpoena issued by a notary public for a witness to attend and testify in a deposition before the notary public may contain a clause directing the witness to bring with him any book, writing or other thing under his control, which he may be compelled to produce as evidence, and for disobedience of such a subpoena the notary public has power to punish the witness for contempt, by imprisonment."

It is not claimed in this case that the questions asked of the witness would tend in any way to injure him in his business or personally; neither is it claimed that the questions were frivolous. We think it was not clearly shown that the papers asked of the witness to be produced were made exclusively for the purpose of defense in the action against the company by Mrs. Pace. It probably is true that information received and papers prepared by a party or his agent in preparation for the suit should not be compelled to be given over to the opposite party, as it would seem that this would be an abuse of the power conferred by the statute to take depositions. Whether the questions

are relevant or competent, cannot be decided by the attorney or officer taking the deposition; such matters can only be passed upon by the court when the case is on trial; otherwise, the very purpose of the statute in authorizing the taking of depositions would be defeated.

The notary public was right in ordering the witness to answer the questions and produce the reports called for.

**Jelke and Giffen, JJ.**, concur.